STATE, PLAINTIFF-APPELLEE, *v.* THIEMANN BROS., INC., DEFENDANT-APPELLANT.

Ohio Appeals, First District, Hamilton County.

No. 8820.  Decided November 14, 1960.

*Mr. James W. Farrell, Jr., Mr. Robert J. Paul* and *Mr. Ralph E. Cors*, for plaintiff-appellee.

*Messrs. Cors, Hair, Hartsock & Schneider, Mr. Irving Harris* and *Mr. Flach Douglas*, for defendant-appellant.

O'CONNELL, J.  The defendant is a corporation engaged in the wholesale grocery business.  It was charged with violating Section 1333.12, Revised Code.  The affidavit follows:

"State of Ohio,                       AFFIDAVIT
"County of Hamilton,     THE CINCINNATI MUNCIPAL
"City of Cincinnati, SS:          COURT

"C. F. Williamson, being first duly cautioned and sworn, deposeth and says that one Thiemann Brothers, Inc., doing business as wholesalers of groceries and general merchandise at 500 York St., on or about the 10th day August, A. D., 1959, at and in the City of Cincinnati, County of Hamilton and State

of Ohio, did unlawfully, with intent to injure competitors, destroy substantially or lessen competition, sell at wholesale cigarettes at less than cost, contrary to and in violation of Section 1333.12, Revised Code, and against the peace and dignity of the State of Ohio.

"(Signed)   C. F. WILLIAMSON

"Sworn to and subscribed before me and filed in this Court this 23 day of Mar., A. D., 1960.

Elmer F. Hunsicker,
Clerk the Cincinnati Municipal Court
By M. UNDERWOOD Deputy Clerk"

Now, Section 1333.12, Revised Code, provides as follows: "No retailer shall, with intent to injure competitors, destroy substantially or lessen competition, advertise, offer to sell, or sell at retail cigarettes at less than cost to the retailer. No wholesaler shall, with intent to injure competitors, destroy substantially or lessen competition, advertise, offer to sell at wholesale cigarettes at less than cost to the wholesaler.

"Evidence of advertisement, offering to sell, or sale of cigarettes, by any retail or wholesaler at less than cost to him, is prima-facie evidence of intent to injure competitors, destroy substantially or lessen competition."

To support the case, the State called Carl Williamson, an examiner for the State Tax Department. He testified that he was primarily engaged in the cigarette department of the Department of Taxation. Then a document put out by the Department of Taxation, showing cigarette tax increases was marked "State's Exhibit No. 1" for identification. This document, after stating generally the provision of Section 1333.12, Revised Code, went on to say "in accordance with the foregoing provision, the following amounts shall be deemed to represent the cost to the wholesaler ....... in the absence of proof of a lessor or higher cost of doing business than that provided in Section 1333.11, Revised Code. The document then sets out the wholesale costs of many different brands of cigarettes.

We might say here that there is no authority in the Ohio Department of Taxation to fix wholesale costs; that costs vary according to the nature of the business; that it is the duty of the State to prove its case beyond a reasonable doubt; that to

allege that a defendant has sold for less than the amount fixed in this said document cannot be conceived of as proof beyond a reasonable doubt of the guilt of the defendant.

In answer to the statement "I will ask you to look at State's Exhibit No. 1 for identification and tell the Court what that is, the said Carl Williamson answered: "This is the cigarette tax increase put out by the State Department of Taxation, establishing the wholesale price of cigarettes."

Mr. Skiles, a retail grocer, then testified that he had made certain purchases from the defendant on or about August 10, 1959; that the order included some fifty cartons of cigarettes, and that the total amount of the purchase was $422.80. On page 4 of the invoice which had been marked for identification as Exhibit 2, and which was on Thiemann Bros. order form, the following is listed as the price of the cigarettes (per carton) which were purchased: Camels $2.21, King Kools $2.32, Pall Malls $2.30, Plain Raleigh $2.30, Marlborough $2.32. These prices were 1 or 2 cents below the price which the State had attempted to fix as the proper cost. During the course of Mr. Skiles' testimony, the Court permitted the above mentioned invoice to be admitted into evidence.

This, then was the plaintiff's case. Only the admission into evidence of the invoice with the cost 1 or 2 cents less than that fixed by the Department of Taxation has importance insofar as establishing a case against the defendant is concerned. But this would be true only if the Department of Taxation has any authority to fix the reasonable cost, and this Court is of the opinion that the Department of Taxation could not be empowered by the State Legislature to fix the cost, nor has any effort been so made. We repeat, that the cost of operation varies with the business and a motion to dismiss would have properly lain at this time.

And so the defendant called as its first witness Louis C. Weisbrodt, Jr., President of the Louis C. Weisbrodt, Inc., dealers in tobacco, candies, and sundry items. He testified that his cost of operation was 4 per centum. Mr. Robert Thiemann then testified concerning the costs of cigarettes. During the course of his testimony there was introduced into evidence defendant's Exhibit C (a chart labelled "Cost of Cigarettes"). This chart revealed that the cost (per carton) for regular size was $1.69;

for king size was $1.78; and for filter kings was $1.80. This is much different from the cost fixed in the State document.

We feel that it is unnecessary to call into question the validity and constitutionality of Sections 1333.11 and 1333.12, Revised Code. Rather, it is our opinion that the State has failed to introduce any substantial evidence which might have justified a conviction.

The judgment of the Municipal Court of Cincinnati, finding the defendant guilty, is, therefore, reversed, and final judgment for the defendant will be entered in this Court.

MATTHEWS, P. J., and LONG, J., concur.